PEOPLE, PLAINTIFF AND APPELLEE, *v.* CASABLANCA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution for Violation of Section 128 of the Penal Code.

No. 1394.—Decided July 31, 1919.

FALSIFYING EVIDENCE.—FALSE EXHIBIT.—It being alleged in the information that in a divorce suit brought by him the defendant exhibited for the purpose of having it filed as a part of the record a summons whose return he knew to be false and that he tricked the municipal judge into signing the said summons, the district judge did not err in instructing the jury that the act fell within section 128 of the Penal Code which makes it a felony for any person to prepare any false or antedated book, paper, record, instrument in writing, or

other matter or thing, with the intent to produce it, or allow it to be produced, for any fraudulent or deceitful purpose, as genuine or true, upon any trial, proceeding, or inquiry whatever, authorized by law.

The facts are stated in the opinion.

*Messrs. Juan B. Soto* and *Juan Valdejully* for the appellant.

*Mr. Salvador Mestre, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The information reads as follows:

"The district attorney files an information against Justo Casablanca charging the commission of a felony as follows: On December 20, 1916, the said Justo Casablanca, represented by attorney Benjamín Guerra, filed in the clerk's office of the District Court of San Juan, Section 1, an action of divorce against his wife, Eladia Batista, and on the same day the clerk of the court issued the summons for service, and on January 5, 1917, the said Justo Casablanca unlawfully, wilfully, maliciously and knowingly presented in the said clerk's office the said summons to be filed, from which it appeared that Narciso Bismark received the summons for service at 2 P. M. on the said 28th day of December, 1916, and that at about 4 P. M. of that day he served the same on Eladia Batista by delivering to the said defendant and leaving with her personally at her residence and domicile in the ward of Hato Rey of Río Piedras a copy of the said summons, a true and exact copy of the complaint for divorce and a copy of the return, the defendant knowing that everything stated in the return was false and that it was false that Narciso Bismark had served it, he having tricked the municipal judge into signing the said summons. These acts were committed within the judicial district of San Juan and are contrary to the law for such case made and provided and against the peace and dignity of the people of Porto Rico."

The defendant demurred to the information, the demurrer was overruled and then he denied the facts alleged and asked for a trial by jury.

At the trial the court in instructing the jury said that the act charged against the defendant came under section 128 of the Penal Code, which reads as follows:

"Every person guilty of preparing any false or antedated book,

paper, record, instrument in writing, or other matter or thing with intent to produce it, or allow it to be produced for any fraudulent or deceitful purpose, as genuine or true, upon any trial, proceeding, or inquiry whatever, authorized by law, is guilty of felony.''

The jury found a verdict of guilty. The defendant moved for a new trial. The court overruled the motion and sentenced Casablanca to one year in the penitentiary at hard labor. The present appeal was taken from that judgment.

In his brief the appellant makes three assignments of error which we shall consider in the order assigned.

1. The appellant contends that the information does not state facts sufficient to constitute a public offense. We do not agree. It shows on its face that the act charged therein is of a criminal character. This assignment is intimately related to second.

2. In the opinion of the appellant the court erred in instructing the jury that the law applicable was section 128 of the Penal Code. Neither do we agree to this. We have transcribed the information and the statute and a comparison of them will show that the act with which the defendant is charged contains all the elements constituting the crime defined by the statute as a felony.

Every person who prepares any false  *  *  *  document  *  *  *  with intent to produce it  *  *  *  for any fraudulent  *  *  *  purpose, as genuine or true, upon any trial  *  *  *  is guilty of felony, says the statute, and the information charges that a person, Casablanca, knowing its return to be false, produced a summons in a suit for divorce brought by him and pending in a district court, to be filed in the said suit. Furthermore, it is charged in the information that Casablanca tricked the municipal judge into signing the summons. Although the information does not expressly charge that Casablanca prepared the false document, in alleging that he presented the said document knowing that it had been falsely prepared it charged that he assumed the responsibility of its preparation for the purposes of the com-

mission of the criminal act, leaving aside the personal participation in the preparation which is expressly ascribed to Casablanca in tricking the municipal judge into signing the document.

3. The appellant finally alleges that the evidence does not support the information. The evidence was more than sufficient, in our opinion. We will review the evidence briefly. The first witness was Eladia Batista, the wife of the accused, who testified that she was never summoned and had no knowledge that her husband had brought an action of divorce against her. Celestino Marrero, the clerk of the district court, testified that an action for divorce by Casablanca against his wife was filed, but he did not know who took the summons nor who returned it; that it was returned and filed for the lawful purposes of the suit and based on it a motion was made for entry of default and for setting down the case for trial on the docket. Benjamín Guerra, the attorney under whose direction the action was begun, testified that Casablanca prepared the complaint in his office and he corrected it; "that Casablanca looked after summoning the defendant, and other things"; that the time having expired, Casablanca informed him that the defendant had not answered and that her default should be entered, and that he filed a motion to that effect simply because he believed Casablanca. Narciso Bismark, the person who appears as having served the summons and having sworn to the return before the judge of Río Piedras, absolutely denied having served the summons or having sworn to the return. The municipal judge of Río Piedras, Manuel Iriarte, having before him the summons filed in the case, the original of which was put in evidence with the whole record of the action for divorce, testified, among other things, the following: "that the signature which appears on the summons is his signature; that the signature appears as attesting an oath and the oath appears to have been made by a person signing as Narciso Bismark, but that Narciso Bismark did not take that oath; that on

the day referred to Justo Casablanca came to his office and said: 'Manolo, I bring this to you so that you may attest it; Bismark has already signed, Don Guille saw Bismark sign it.' And in the belief that he had signed, the witness seeing the signature which looked to him to be genuine, he attested the oath; that this was on January 5, 1917, at about 9 or 10 in the morning; that he has no doubt that the person who presented that document was Justo Casablanca."

Is any stronger evidence of the guilt of the accused wanted? The evidence for the defense attempted to show that Bismark had signed the return, but the jury did not believe it.

The judgment must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.